STANSBERRY, Bruce, et al., Appellants,

v.

HOWARD, Wendy, Appellee.

No. 48S02–0206–CV–347.

Supreme Court of Indiana.

Oct. 1, 2002.

## *ORDER*

On June 20, 2002, the Indiana Supreme Court granted transfer of jurisdiction over this appeal, thus vacating the opinion of

the Court of Appeals reported as *Stansberry v. Howard,* 758 N.E.2d 540 (Ind.Ct. App.2001). *See* Ind. Appellate Rule 58(A). The case involves the propriety of the Madison County Office of Family and Children's decision to deny the appellee's application for a home child care license.

While the matter was pending before the Court, counsel for the appellee filed a "Report.To The Court" indicating that due to subsequent events, the appellee was no longer eligible for a home child care license and that she no longer wished to pursue this matter. Counsel suggested the appeal had become moot.

The Indiana Attorney General, as counsel for appellants, then filed "Appellants' Response To Appellee's Report To The Court." The Attorney General agreed that the outcome of the case was no longer relevant to the parties, and further noted that Ind.Code § 12–17.2–5–4 was amended effective July 1, 2002, in a manner that would likely have been dispositive of the case in the first instance. *See* P.L. 109–2002 § 11.

When an appeal becomes moot, it usually is dismissed unless the appellate court determines that the case involves questions of great public interest. *See In Re Lawrance,* 579 N.E.2d 32, 37 (Ind.1991). The legal issues in this appeal were initially of some public interest. However, not only have subsequent events eliminated any controversy between the parties, the General Assembly's statutory amendments have diminished the significance of the legal issues initially at stake. Accordingly, this appeal is dismissed as moot. The opinion of the Court of Appeals remains vacated.

All Justices concur.